**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENILSON NEPTALI VELASQUEZ FUENTES,

        *Petitioner*,

v.                                                                     Case No. 3:26-cv-1176-WWB-SJH

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

        *Respondents*.
_____

**<u>ORDER</u>**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He asserts that Immigration and Customs Enforcement ("**ICE**") is currently detaining him at the Baker County Detention Center. (*Id.*). Although the Petition is not a model of clarity, Petitioner appears to raise two grounds for relief— "police" did not have probable cause to conduct the traffic stop that led to his detention, violating his Fourth Amendment rights (Ground One); and his confinement violated his due process rights because he has a valid work permit (Ground Two). (*Id.* at 6). As relief, Petitioner seeks immediate release. (*Id.* at 7).

As to Ground One, to the extent that Petitioner challenges his arrest under the Fourth Amendment, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest." *Id.* As a result, if Petitioner attacks the mechanics of his seizure

rather than the Government's present statutory authority to hold him, his claim must fail. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

As to Ground Two, federal courts may grant the habeas writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  Here, Petitioner has not alleged sufficient facts to establish a cognizable habeas claim under the Fifth Amendment.  Indeed, his allegations are conclusory in nature and again appear to attack his initial arrest rather than Respondents' statutory authority to keep him in custody.  (Doc. 1 at 6 (claiming he "had a valid work permit when detained" that "was ignored" during his apprehension)).  Because Petitioner fails to allege sufficient allegations to support a discernible Fifth Amendment violation, the Petition is dismissed without prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:  Denilson Neptali Velasquez Fuentes, A213245505

3